STATE OF MISSOURI    )
                        ) SS.

CITY OF ST. LOUIS    )

## MISSOURI CIRCUIT
## TWENTY SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

MICHAEL WOLFE,               )

FAITH LEVERICH,             )

      and                      )

CLAYTON TUNGATE          )
    by and through next friend  )
    Faith Leverich            )

      Plaintiffs,           )

v.                        )      Cause No. _O52-09338_
                             )      Division No. ___1___

KERRI KINGMA,            )

    Service Instructions:    )
    2600 Inverness         )
    Grand Rapids, Kent County  )
    State of Michigan       )

      Defendant.          )

## PETITION FOR DAMAGES

### ALLEGATIONS COMMON TO ALL COUNTS

COME NOW Michael Wolfe, Faith Leverich and Clayton Tungate, Plaintiffs, by and through their attorney of record Daniel C. Mizell, and for the allegations common to all counts of this Petition state:

1) That Plaintiffs Michael Wolfe, Faith Leverich and Clayton Tungate are now and at all times mentioned in this Petition were residents of Eldon, Miller County, Missouri.

EXHIBIT A

2) That Defendant Kerri Kingma is now and at all times mentioned in this Petition was a resident of the State of Michigan and can be served with process at 2600 Inverness Grand Rapids, Kent County, Michigan.

3) That the claim herein alleged arose in Phelps County, Missouri.

4) That venue is proper in this case in any county of the State of Missouri in that Defendant is a resident of the State of Michigan.

5) That at all times mentioned Christine Cage, 5229 Streamwood Lane, Plano TX, 75093 was the owner of a 2001 Ford Explorer VIN 1FMYU60E41UA14835.

6) That at all times mentioned Defendant Kerri Kingma was operating Christine Cage's 2001 Ford Explorer VIN 1FMYU60E41UA14835.

7) That at all times mentioned Plaintiff Michael Wolfe was the owner of a 1992 Ford Taurus VIN 1FACP50U6NA222879.

8) That at all times mentioned Plaintiff Faith Leverich was a passenger in the 1992 Ford Taurus VIN 1FACP50U6NA222879.

9) That at all times mentioned Plaintiff Clayton Tungate was a passenger in the 1992 Ford Taurus VIN 1FACP50U6NA222879.

10) That on or about April 22, 2005 at approximately 3:00 p.m. Plaintiff Michael Wolfe was operating his 1992 Taurus in the westbound driving lane of Interstate 44 at or near the intersection of Interstate 44 and Missouri Highway 63.

11) That on or about April 22, 2005 at approximately 3:00 p.m. Plaintiff Michael Wolfe's 1992 Taurus suffered a mechanical breakdown.

12) That on or about April 22, 2005 at approximately 3:00 p.m. Plaintiff Michael Wolfe, due to the mechanical breakdown described above, guided his vehicle to the shoulder of the westbound lanes of Interstate 44.

13) That on or about April 22, 2005 at approximately 3:00 p.m. Plaintiff Michael Wolfe, due to the mechanical breakdown described above, parked his vehicle entirely on the shoulder of Interstate 44 at or near 1.2 miles north of the intersection of Interstate 44 and Missouri Highway 63.

14) That on or about April 22, 2005 at approximately 3:00 p.m. Plaintiff Michael Wolfe, due to the mechanical breakdown described above, exited his vehicle, raised the hood of the 1992 Taurus, and began inspecting the vehicle's engine compartment for the source of the mechanical breakdown.

15) That on or about April 22, 2005 at approximately 3:00 p.m. Defendant Kerri Kingma was driving the above-described 2001 Ford Explorer in a westerly direction in the passing lane of Interstate 44 at or near the intersection of Interstate 44 and Missouri Highway 63.

16) That on or about April 22, 2005 at approximately 3:00 p.m. Defendant Kerri Kingma had a duty to operate the 2001 Ford Explorer with the highest degree of care.

17) That on or about April 22, 2005 at approximately 3:00 p.m. Defendant allowed the 2001 Ford Explorer to collide with the rear portion of Plaintiff's 1992 Ford Taurus.

18) That on or about April 22, 2005 at approximately 3:00 p.m. Plaintiff Michael Wolfe's body violently impacted the front portion of the 1992 Taurus.

19) That on or about April 22, 2005 at approximately 3:00 p.m. Plaintiff Faith Leverich was ejected from the 1992 Taurus.

20) That on or about April 22, 2005 at approximately 3:00 p.m. Plaintiff Clayton Tungate remained in the 1992 Taurus throughout the impact with the 2001 Ford Explorer.

21) That at the date and time above mentioned, Defendant operated the 2001 Ford Explorer negligently in one or more of the following respects:

   a) Defendant failed to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover Plaintiff's vehicle before colliding with it;

   b) Defendant failed to sound a warning of her approach, to slacken speed, swerve or stop before colliding with Plaintiff's automobile;

   c) Defendant was traveling in excess of the speed limit;

   d) Defendant failed to maintain her lane and failed to keep her vehicle on the roadway.

### COUNT I – PERSONAL INJURIES TO MICHAEL WOLFE

COMES NOW Plaintiff Michael Wolfe, by and through his attorney of record Daniel C. Mizell, and for Count I of this Petition states:

22) That Plaintiff Michael Wolfe reincorporates by this reference the allegations set forth in Paragraphs 1 through 21 of this Petition.

23) As a direct and proximate result of the negligence of Defendant, Plaintiff Michael Wolfe suffered pain, trauma, bruising, and injury to his head, neck, back and all parts of his body.

24) As a direct and proximate result of the negligence of Defendant, Plaintiff Michael Wolfe obtained medical services and treatment and incurred expenses for such medical services and treatment.

25) As a direct and proximate result of the negligence of Defendant, Plaintiff Michael Wolfe is reasonably certain to sustain additional medical expense and loss in the future.

26) As a direct and proximate result of the negligence of Defendant, Plaintiff Michael Wolfe lost wages.

27) As a direct and proximate result of the negligence of Defendant, Plaintiff Michael Wolfe is reasonably certain to sustain additional lost wages in the future.

28) That Plaintiff Michael Wolfe has made demand upon Defendant for payment of his personal injuries but Defendant refused and continues to refuse Plaintiff's demand.

WHEREFORE, Plaintiff requests a jury trial of this cause, judgment against Defendant for an amount in excess of $25,000.00 which the court deems is fair and reasonable and fully compensates Plaintiff for his pain and suffering, lost wages and medical expenses; interest as permitted by law; costs of this action; and such other and further relief as the court considers just and proper.

COUNT II – PERSONAL INJURIES TO FAITH LEVERICH

COMES NOW Plaintiff Faith Leverich, by and through her attorney of record Daniel C. Mizell, and for Count II of this Petition states:

29) That Plaintiff Faith Leverich reincorporates by this reference the allegations set forth in Paragraphs 1 through 21 of this Petition.

30) As a direct and proximate result of the negligence of Defendant, Plaintiff Faith Leverich suffered pain, trauma, bruising, and injury to her head, neck, back and all parts of her body.

31) As a direct and proximate result of the negligence of Defendant, Plaintiff Faith Leverich obtained medical services and treatment and incurred expenses for such medical services and treatment.

32) As a direct and proximate result of the negligence of Defendant, Plaintiff Faith Leverich is reasonably certain to sustain additional medical expense and loss in the future.

33) As a direct and proximate result of the negligence of Defendant, Plaintiff Faith Leverich lost wages.

34) As a direct and proximate result of the negligence of Defendant, Plaintiff Faith Leverich is reasonably certain to sustain additional lost wages in the future.

35) That Plaintiff Faith Leverich has made demand upon Defendant for payment of her personal injuries but Defendant refused and continues to refuse Plaintiff's demand.

WHEREFORE, Plaintiff requests a jury trial of this cause, judgment against Defendant for an amount in excess of $25,000.00 which the court deems is fair and reasonable and fully compensates Plaintiff for her pain and suffering, lost wages and medical expenses; interest as permitted by law; costs of this action; and such other and further relief as the court considers just and proper.

## COUNT III – PERSONAL INJURIES TO CLAYTON TUNGATE

COMES NOW Plaintiff Clayton Tungate, by and through his next friend Faith Leverich, and for Count III of this Petition states:

36) That Plaintiff Clayton Tungate reincorporates by this reference the allegations set forth in Paragraphs 1 through 21 of this Petition.

37) As a direct and proximate result of the negligence of Defendant, Plaintiff Clayton Tungate suffered pain, trauma, bruising, and injury to his head, neck, back and all parts of his body.

38) As a direct and proximate result of the negligence of Defendant, Plaintiff Clayton Tungate obtained medical services and treatment and incurred expenses for such medical services and treatment.

39) As a direct and proximate result of the negligence of Defendant, Plaintiff Clayton Tungate is reasonably certain to sustain additional medical expense and loss in the future.

40) That Plaintiff Clayton Tungate has made demand upon Defendant for payment of his personal injuries but Defendant refused and continues to refuse Plaintiff's demand.

WHEREFORE, Plaintiff requests a jury trial of this cause, judgment against Defendant for an amount in excess of $25,000.00 which the court deems is fair and reasonable and fully compensates Plaintiff for his pain and suffering, and medical expenses; interest as permitted by law; costs of this action; and such other and further relief as the court considers just and proper.

Respectfully submitted,

_____
Michael Wolfe, Plaintiff

_____
Faith Leverich, Plaintiff

Page 7 of 8

_Faith Leverich_

Faith Leverich as Next Friend
for Clayton Tungate, Plaintiff

Daniel C. Mizell #46408
BRIDGES, CISAR AND MIZELL, L.L.C.
750 Bagnell Dam Boulevard, Suite A
Lake Ozark, Missouri 65049
Telephone:     (573) 365-2383
Facsimile:     (573) 365-2068

ATTORNEY FOR PLAINTIFFS

**Sheriff of** KENT COUNTY

CIVIL    1

No. 052-09338
Div. 01

# SUMMONS

In the case of

MICHAEL WOLFE :     PLAINTIFF

*Vs.*

KERRI KINGMA     DEFENDANT

KERRI KINGMA
2600 INVERNESS
GRAND RAPIDS MI

---

# MISSOURI CIRCUIT COURT

## TWENTY-SECOND JUDICIAL CIRCUIT

(St. Louis City)

MICHAEL WOLFE     PETITIONER/PLAINTIFF

VS

KERRI KINGMA     RESPONDENT/DEFENDANT

NO. 052-09338
DIV. 01

SUMMONS

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING UPON ATTORNEY PRO SE, FOR THE PETITIONER WHOSE ADDRESS IS

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS 29TH DAY OF AUGUST, 2005

FILE

State of Missouri}
                 } SS
City of St. Louis }

# RETURN OF SERVICE OF SUMMONS
## I HEREBY CERTIFY THAT I SERVED THE WITHIN SUMMONS:

(1) By delivering on the _____ day of _____, _____ at _____ am/pm a copy of the summons and a copy of the most recent petition to the within-named defendant/respondent_____ by personal service at:

_____

(2) By leaving a copy on the _____ day of _____, _____ at _____ am/pm for the within-named defendant/respondent_____ with

_____ at _____ the dwelling place or usual abode of said defendant/respondent with someone in his/her family over age of 15 years.

(3) By the following _____

### DIRECTIONS TO SHERIFF OR CLERK

-------------------------------------

A copy of the summons and petition must be served on each party. For method of service see Civil Rule 54.

A third party summons should be handled in the same manner as an ordinary summons except a copy of the original plaintiff's petition should be attached to the summons to be served on the third party defendant. SEE RULE 52.11

-------------------------------------

Service by mail is permitted only under conditions set forth in Rule 54. Clerk should insert in the summons names of only the defendant/respondent who are to be served by mail. After an affidavit has been filed as provided by Rule 54.16. it becomes the duty of the clerk to mail copies of the summons and the petition to DEFENDANT/RESPONDENT by registered or certified mail, requesting a return receipt signed by addressee only. The clerk shall also execute the certificate of mailing and file the summons, returned receipt, certified mail receipts within the file. SEE RULE 54.

Service by First Class Mail may be made under section 506.150 RSMO By plaintiff or any person authorized to serve process under Section 506.140 RSMO.

**SHERIFF's FEE:**

Summons        )
Non-Est.       )
Mileage )_____
Total          )

I hereby certify that on the ____ day of _____, _____, I mailed a copy of this summons and a copy of this petition to Defendant/Respondent _____ by registered  or certified mail, requesting a return receipt signed   by the addressee only, addressed to each of said Defendant/Respondent

_____ at the address furnished by petitioner.

All done in _____ City/County Missouri
Sheriff of _____ City/County Missouri
By _____
            Deputy

**MARIANO V. FAVAZZA,** Circuit Clerk

EXHIBIT B